UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALONDRA BERENICE MEDINA ROMERO,<br><br>Petitioner,<br><br>v.<br><br>LAURA HERMOSILLO, et al.,<br><br>Respondents. | Case No. 2:26-cv-00118-TMC<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |

### I.   INTRODUCTION AND BACKGROUND

Petitioner Alondra Berenice Medina Romero is an individual who was apprehended by Immigration and Customs Enforcement ("ICE") officers on January 7, 2026 and is now detained at the Northwest ICE Processing Center in Tacoma, Washington on the charge that she is unlawfully present in the United States without admission or parole. Dkt. 1 ¶¶ 42–43. There is no indication that she has had a custody redetermination hearing before an Immigration Judge, as the government has determined that she is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). *See id.* ¶¶ 16, 46; Dkt. 4 at 2–4.

On January 13, 2026, Medina Romero filed a petition for writ of habeas corpus, arguing that her mandatory detention violates the Immigration and Nationality Act ("INA") because she

is entitled to consideration for release on bond under 8 U.S.C. § 1226(a). Dkt. 1 ¶¶ 21–40, 49–50. On January 27, Federal Respondents filed a return to the habeas petition. Dkt. 4. The habeas petition is now ripe for the Court's review. For the reasons set forth below, the Court GRANTS the petition for writ of habeas corpus.

## II.   LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A habeas petitioner must prove by the preponderance of the evidence that she is "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## III.   DISCUSSION

On September 30, 2025, in *Rodriguez Vazquez v. Bostock*, this Court granted summary judgment to members of a certified Bond Denial Class, defined to include the following individuals:

> All noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

802 F. Supp. 3d 1297, 1336 (W.D. Wash. 2025). The Court issued the following declaratory relief:

> The Court declares that Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court further declares that the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act.

*Id.*

Medina Romero argues that she is entitled to consideration for release on bond under § 1226(a) because she entered the United States without inspection, was not apprehended on arrival, and is not subject to detention under 8 U.S.C. §§ 1226(c), 1225(b)(1), or 1231. Dkt. 1 ¶¶ 49–50. While Federal Respondents express their continued disagreement with *Rodriguez Vazquez*, they do not dispute that Medina Romero is a member of the Bond Denial Class for purposes of this litigation. Dkt. 4 at 3.

The Court incorporates the reasoning of *Rodriguez Vazquez* and finds that Medina Romero is subject to discretionary detention under § 1226(a). *See Rodriguez Vazquez*, 802 F. Supp. 3d at 1322–36. Medina Romero has thus shown that her mandatory detention under § 1225(b) violates the INA, entitling her to habeas relief. *See* 28 U.S.C. § 2241(c)(3).

## IV.   CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1. The petition for writ of habeas corpus (Dkt. 1) is GRANTED.
2. Within fourteen days of receiving Petitioner Alondra Berenice Medina Romero's request for a bond hearing, Respondents must either release her or provide her a bond hearing under 8 U.S.C. § 1226(a).

Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 29th day of January, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 3