UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALONDRA BERENICE MEDINA

ROMERO,

                    Petitioner,

        v.

LAURA HERMOSILLO, et al.,

                    Respondents.

Case No. 2:26-cv-00118-TMC

ORDER DENYING MOTION TO
ENFORCE THE JUDGMENT

## I.    INTRODUCTION AND BACKGROUND

Petitioner Alondra Berenice Medina Romero is detained at the Northwest Immigration and Customs Enforcement Processing Center on the charge that she entered the United States without admission or parole. Dkt. 1 ¶¶ 42–43; Dkts. 9-2, 9-3; *see* 8 U.S.C. § 1182(a)(6)(A)(i). On January 29, 2026, the Court granted Medina Romero's petition for writ of habeas corpus (Dkt. 1) and ordered Respondents to "release her or provide her a bond hearing under 8 U.S.C. § 1226(a)" within 14 days of receiving her request for such a hearing. Dkt. 6 at 3. The Court entered judgment the same day. Dkt. 7. Consistent with this Court's order, the Tacoma Immigration Court held a bond hearing on February 12. Dkt. 9-7 ¶ 2. The Immigration Judge ("IJ") denied Medina Romero's request for custody redetermination, reasoning that she presented

ORDER DENYING MOTION TO ENFORCE THE JUDGMENT - 1

a flight risk. *Id.* ¶ 6; Dkt. 9-5 at 2. Medina Romero reserved the right to appeal the IJ's decision. *Id.* at 3. There is no evidence that the Immigration Court maintained a record or transcript of those proceedings, aside from the IJ's written order. *See* Dkt. 9-7 ¶¶ 7–8.

On February 20, Medina Romero moved to enforce this Court's habeas order and judgment, arguing that the IJ's flight risk determination was erroneous and that the Immigration Court's failure to preserve a record or transcript of the hearing violated her due process rights.[1] Dkt. 9. On February 25, Federal Respondents opposed the motion (Dkt. 12), and Medina Romero replied the next day. Dkt. 13.

## II.    LEGAL STANDARD

When a party fails to comply with a judgment requiring the performance of a "specific act," a district court may enforce the judgment by "order[ing] the act to be done . . . by another person appointed by the court." Fed. R. Civ. P. 70(a); *Rose v. Guyer*, 961 F.3d 1238, 1245 (9th Cir. 2020). After a district court has issued a conditional writ of habeas corpus—a writ that orders the government to "take[] some remedial action" rather than immediately release the petitioner, *Harvest v. Castro*, 531 F.3d 737, 741–42 (9th Cir. 2008)—the court "retains jurisdiction to ensure compliance" with the writ and will order immediate release if the government fails to correct the unlawful nature of the petitioner's custody. *Rose*, 961 F.3d at 1246 (quoting *Jensen v. Pollard*, 924 F.3d 451, 454 (7th Cir. 2019)); *Harvest*, 531 F.3d at 750 (holding that "the conditional grant of habeas corpus *requires* the petitioner's release from custody" when the government "fails to comply with the order's conditions"); *Sales v. Johnson*, No. 16-CV-01745-EDL, 2017 WL 6855827, at *7 (N.D. Cal. Sept. 20, 2017) (ordering immediate release from immigration custody following a defective hearing before an IJ). The

---

[1] Although Medina Romero initially styled the filing as a motion for a temporary restraining order, the Court construed the motion as one to enforce the judgment. Dkts. 9, 10.

ORDER DENYING MOTION TO ENFORCE THE JUDGMENT - 2

relevant inquiry is whether the government "has complied with the remedy designed by the district court in the underlying habeas proceedings." *Rose*, 961 F.3d at 1246.

### III.   DISCUSSION

Medina Romero first argues that the IJ, in making his flight risk determination, failed to appropriately consider her factual circumstances—specifically, her fixed address, her longtime presence and employment in the United States, her prior interactions with law enforcement, and her ties to her U.S. citizen children. Dkt. 9 at 3–4. She suggests that this result is consistent with a nationwide pattern whereby "immigration judges across the country have begun to routinely deny bond requests on behalf of individuals based on arbitrary determinations of flight risk since approximately January of 2026, lacking individualized assessments of flight risk and danger to the community." *Id.* at 4–5. Second, she argues that the Tacoma Immigration Court's failure to create a digital audio recording of her bond hearing violates her due process rights. *Id.* at 5–6; Dkt. 13 at 1–2.

Federal Respondents argue that an order enforcing the judgment is unnecessary because Medina Romero "has received all relief required" by the prior habeas order. Dkt. 12 at 2 (quoting *Heartland Hosp. v. Thompson*, 328 F. Supp. 2d 8, 11 (D.D.C. 2004), *aff'd sub nom. Heartland Reg'l Med. Ctr. v. Leavitt*, 415 F.3d 24 (D.C. Cir. 2005)). They contend that Medina Romero failed to exhaust her administrative remedies before filing this motion, that her disagreement with the IJ's bond order does not merit further relief, and that the lack of a recording did not prejudice her. *Id.* at 3–6.

Rule 70(a) "authorizes a district court to enforce its judgment 'only when a party refuses to comply with [the] judgment.'" *Rose*, 961 F.3d at 1245 (alteration in original) (quoting *McCabe v. Arave*, 827 F.2d 634, 639 (9th Cir. 1987)). Here, the relief that Medina Romero requests is not available in this habeas action, as Respondents have complied with the remedy

ordered by the Court: "a bond hearing under 8 U.S.C. § 1226(a)." Any claims regarding the sufficiency of that hearing—essentially, new grounds for relief—should instead be raised in a new habeas petition. *See Martinez v. Clark*, 124 F.4th 775, 779–80 (9th Cir. 2024). In making this determination, the Court does not rule on the merits of Medina Romero's arguments or on whether exhaustion is required.

### IV.   CONCLUSION

The motion to enforce the judgment (Dkt. 9) is DENIED.

Dated this 19th day of March, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER DENYING MOTION TO ENFORCE THE JUDGMENT - 4